(No. 23609.—

THE JACKSON PARK HOSPITAL COMPANY, Appellant, *vs.* THOMAS J. COURTNEY, State's Attorney, *et al.* Appellees.

*Opinion filed October 14, 1936—Rehearing denied Dec. 4, 1936.*

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, (I. E. FERGUSON, ROGER S. BLOCH, FRANK BLOOM, and CHARLES G. FENDT, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, JACOB SHAMBERG, WILLIAM P. KEARNEY, and FRANCIS S. CLAMITZ, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant appeals from a decree of the circuit court of Cook county dismissing its bill for want of equity. Its bill alleges that its grantor acquired title to the premises known as Jackson Park Hospital, Inc., on August 16, 1933, on behalf of the plaintiff corporation to be organized; that before he purchased said property an examination was made of the records in the office of the county clerk of Cook county with respect to the general taxes levied and assessed against the property; that for the year 1927 the property was assessed for the amount of taxes shown by the county collector's warrants; that an application was made in the county court of Cook county for an order of judgment and sale and such order was obtained; that no steps were taken to enforce said order, but instead the tax warrant was endorsed as follows: "6-28-28 Robert M. Sweitzer, county clerk, taxes extended in error. Should be exempt. Property of the Jackson Park Hospital. Put in E & A;" that the county clerk's tax judgment sale, redemption and forfeiture record shows the general taxes for the year 1927 against each parcel of land comprising the hospital site stamped "Paid," and that complainant is informed, and therefore represents the fact to be, that the State's attorney, county treasurer and ex-officio county collector, county clerk and county assessor, (naming them,) respectively, or some one or more of them, were about to institute proceedings to enforce the collection of said 1927 general taxes and to

sell said property. The bill alleges irreparable damages and inability to secure adequate remedy except in a court of equity, and prays that defendants, as such officers, be enjoined from extending, re-advertising for an order of judgment and sale, or in any manner enforcing or attempting to enforce or collect the general taxes levied and assessed for the year 1927 against said premises. Appellees' joint answer neither admits nor denies the allegations of fact contained in the bill but denies complainant's right to the relief prayed for. Appellant urges here that the trial court erred in refusing to hold, on the undisputed evidence, that appellant was entitled to the relief prayed for in its complaint.

The sole question is whether appellant's property has been freed from the lien of 1927 taxes. The facts produced in support of the bill were not disputed. Appellees offered no evidence.

The facts shown are as follows: A tax of $10,519.65 was extended by the county clerk of Cook county against the lots involved here for the year 1927. The county clerk issued a "collector's warrant" dated April 9, 1928. The list of delinquent lands certified to the county court for judgment and sale included the lands of appellant. The following was shown by the tax record: On lines 2 and 3 of page 8 of volume 295 appeared a total tax against the property involved here of over $10,000. On each of these lines was written, "Robert M. Sweitzer, County Clerk. 6/28/28. Taxes extended in error. Should be exempt. Property of Jackson Park Hospital. Put in E & A." On page 66 of volume 73 of the tax judgment sale, redemption and forfeiture record, in the column marked "Remarks," opposite the lines describing the property of appellant, is stamped the word "Paid." On August 13, 1933, Arthur F. Mohl, as representative of a committee for the holders of first mortgage bonds secured by trust deed against the hospital property, now owned by appellant, acquired title thereto

by trustee's deed from the trustee in bankruptcy for Jackson Park Hospital, Inc., for $7500 cash. Before completing the purchase he caused an examination to be made of the tax records in the offices of the county collector and county clerk with respect to this property. This examination disclosed the facts hereinbefore stated. In reliance on these tax records Mohl purchased the property and later conveyed it by quit-claim deed to appellant. The premises are improved with two buildings operated as a hospital and a training school for nurses and internes.

Section 212 of the Revenue act (Smith-Hurd Stat. 1935, chap. 120, par. 198, p. 2699; State Bar Stat. 1935, chap. 120, par. 228;) provides that the books and records of the office of the county clerk, or copies thereof certified by said clerk, shall be deemed *prima facie* evidence to prove payment of taxes, etc. Section 277 of the Revenue act is as follows: "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years." (Smith-Hurd Stat. 1935, chap. 120, par. 262, p. 2713; State Bar Stat. 1935, chap. 120, par. 292.) Section 278 of the Revenue act is as follows: "No such charge for tax and interest for previous years, as provided for in the preceding section, shall be made against any property prior to the date of ownership of the person owning such property at the time the liability for such omitted tax was first ascertained: Provided that the owner of property, if known, assessed under this and the preceding section, shall be notified by the assessor or clerk, as the case may require." Smith-Hurd Stat. 1933, chap. 120, par. 263; Cahill's Stat. 1933, chap. 120, par. 293.

Appellant insists that by the introduction of the records of the county clerk it made out a *prima facie* case, and as

appellees offered no proof to refute or rebut the *prima facie* case made, it was entitled to a decree as prayed. Appellees, in reply to that contention, insist that this would be true had appellant only introduced the tax judgment sale, redemption and forfeiture record, but as it introduced the further tax record—*i. e.,* the collector's warrant, which showed 'an attempt by the county clerk to exempt the property from taxation—(a power not reposed in him,) this refuted the record showing the tax paid. While the county clerk may not exempt property, he has power to cause his records to show a tax paid. He is a public officer and is presumed to perform his duty. His records must always speak the truth. When the clerk stamped as paid the taxes against the property now owned by appellant, in the tax judgment sale, redemption and forfeiture record, they became paid so far as third persons were concerned. He is conclusively presumed to have complied with the law and not to have made the entry unless the taxes were actually paid, and when those records were examined on behalf of appellant's grantor and showed the taxes against this property paid, he was justified in relying upon the record. The fact that entries made by the county clerk concerning the exemption of this property from taxation were such as he had no power or authority to make can in no way affect the entry in the tax judgment sale, redemption and forfeiture record showing payment of the tax. Judgment for the sale of lands upon which the taxes had not been paid was entered August 3, 1928, and sale of such lands was held on August 28, 1928. The lots in question were not sold, as the clerk's record showed that the judgment had been paid. Where, as here, the law requires public records to be kept, such records cannot be contradicted, added to nor supplemented by parol evidence. *City of Belleville* v. *Miller,* 257 Ill. 244; *Dunn* v. *Youmans,* 224 id. 34; *People* v. *Madison County,* 125 id. 334.

 

Appellant took this property free from the lien of 1927 taxes, and the circuit court erred in refusing the relief sought. The decree of that court is reversed and the cause is remanded, with directions to grant the relief prayed.

*Reversed and remanded, with directions.*