W. E. ROGERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3448. Promulgated September 28, 1945.

*Coleman H. Hayes, Esq.*, for the petitioner.
*E. G. Sievers, Esq.*, for the respondent.

820

OPINION.

Hill, *Judge*: Petitioner has conceded the correctness of respondent's position on the community property issue on the authority of *Commissioner* v. *Harmon*, 323 U. S. 44. On this point, therefore, respondent is sustained.

The remaining issue concerns the proper treatment for tax purposes of the payment made by petitioner to the county treasurer of Tulsa County, Oklahoma, in June 1941, whereby the tax liens for earlier years on the property in question were satisfied. Respondent contends that this payment represents an additional cost of the property and is in the nature of a capital investment. Petitioner claims that upon the payment of these delinquent taxes, the Foster Oil Co. became indebted to him in the amount so paid by virtue of its warranty deed and that its failure to pay him makes this sum deductible as a bad debt.

We think petitioner's contention must be sustained. The purchase price of the property in question was definitely fixed at $16,500 cash. Conveyance of the property was made by deed executed September 15, 1937, specifically warranting title against encumbrances and liens for taxes for all years prior to 1936. The agreed purchase price was paid in cash when the deed was executed. Thereupon the vendor discharged all tax liens appearing of record which were covered by the warranty against tax liens and such taxes were marked paid on the official records. On the stipulated facts we think both the petitioner and the vendor were justified in assuming that the records of the county treasurer of Tulsa County afforded conclusive proof that all delinquent taxes had been paid and all prior tax liens satisfied. See *Jackson Park Hospital* v. *Courtney*, 364 Ill. 497; N. E. (2d) 864.

The decision of the Oklahoma Supreme Court declaring unconstitutional the Oklahoma statute cited in our findings of fact was handed down on July 26, 1938, and the decision of that court, also cited in our findings of fact, directing the county treasurer to restore to the tax rolls the amount of the original assessment and to collect the amount of such assessment remaining unpaid, was handed down on November 19, 1940. The effect of these decisions was that the liens for taxes against the property for the years 1930 to 1935, inclusive, were not discharged until the payment by petitioner of the amount thereof in question in 1941.

The failure of the vendor to discharge liens for such taxes constituted a breach of the warranty in its deed. However, the payment of such delinquent taxes by petitioner in 1941 did not operate to increase by that amount the purchase price of the property, but operated merely to create a claim therefor against the vendor.

The facts show that the Fostor Oil Co. became inactive after the transfer of the property and that it was unable to make the payment pursuant to its contract. On the payment of the back taxes by petitioner the Foster Oil Co. became indebted to him in the amount so paid by virtue of its warranty deed. Under such circumstances we hold that the payment by petitioner in June 1941 was involuntary within the meaning of the rule outlined in *Hamlen* v. *Welch*, 116 Fed. (2d) 413. It follows that respondent erred in denying petitioner the right to deduct as a bad debt the amount paid to the taxing authorities in June 1941.

*Decision will be entered under Rule 50.*