THOMAS L. SMITH, Plaintiff-Appellant, v. ASSOCIATED BUREAUS, INC., Defendant-Appellee.

First District (1st Division)   No. 87—3531

Opinion filed December 5, 1988.—Rehearing denied January 19, 1989.

Deborah J. Gubin, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Nick Papastratakos, and Richard R. Winter, of counsel), for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

The plaintiff, Thomas L. Smith, sued the defendant, Associated Bureaus, Inc., alleging that defendant had committed eavesdropping in violation of the Criminal Code of 1961. (Ill. Rev. Stat. 1985, ch. 38, par. 14—1 *et seq.*) The trial judge, in the circuit court of Cook County, granted defendant's motion for summary judgment. Plaintiff now appeals the grant of summary judgment in favor of defendant.

The defendant, Associated Bureaus, Inc., is a collection agency that is incorporated in and operates out of Minnesota. Amoco Oil Company (Amoco) hired defendant to collect its unpaid accounts. Pursuant to the agreement with Amoco, one of defendant's employees contacted Jerry Goudy concerning his outstanding debt to Amoco. Goudy told the employee to contact the plaintiff, Thomas L. Smith, an attorney, because Smith was representing Goudy in his financial matters.

Accordingly, defendant's employee, Evan McCollum, placed two calls to the plaintiff, in Chicago, concerning Goudy's debt. These calls were recorded, in accordance with defendant's routine business procedure, with a taping system that emits an audible beep every 15 seconds to alert the other party that the conversation is being taped.

Plaintiff states that he did not hear the "beep" until the end of the second conversation because of the interference and static on the phone lines. After he discovered his conversation had been recorded without his knowledge, plaintiff filed a three-count complaint against the defendant. Count I alleged an eavesdropping violation and specifically based the action on the Criminal Code's provisions authorizing private civil remedies for any eavesdropping violation. (Ill. Rev. Stat. 1985, ch. 38, par. 14—6.) Count II charged a violation of the Federal Communications Act (47 U.S.C.A. §605 (1985)), and count III alleged an invasion of privacy. Plaintiff sought an injunction, $250,000 in punitive damages, and actual damages incurred as a result of the loss of clients. The trial court granted defendant's motion to dismiss counts II and III, and plaintiff did not appeal the court's ruling on these counts.

Thereafter, defendant filed a motion for summary judgment on count I. In support of its motion, defendant filed the affidavits of McCollum and of Mark Riley, the collection manager for defendant when

the alleged eavesdropping occurred. Riley's affidavit stated that defendant uses a taping system which automatically activates a recorder when a bill collector places a call. This system emits a beep, audible to both parties, every 15 seconds. The recordings are used to facilitate any complaints concerning defendant's collection methods or to resolve any discrepancies concerning what was said in the conversation. After a period of time, the tapes are erased and reused. Riley stated that no supervisors monitored the calls placed to Smith and that the recordings were reviewed only in connection with this lawsuit.

McCollum's affidavit stated that he had two telephone conversations with plaintiff, both of which were recorded. The defendant's taping system, he said, emits a beep throughout any conversation that is being recorded, and he said that this beep was clearly audible to plaintiff.

Plaintiff filed a response to defendant's motion for summary judgment and his own affidavit in support. This affidavit stated that McCollum telephoned him on two occasions to discuss Goudy's debt to Amoco. Plaintiff said he expected the conversations to be private and he was not informed that they were being taped. He stated that he did not hear the beep until the end of the second conversation. Furthermore, he asserted he would never have agreed to have the conversations recorded.

In addition to his affidavit in support of his response, plaintiff filed excerpts from the depositions of Riley and McCollum. In Riley's deposition, Riley stated that defendant's collection managers are able to monitor the collectors' calls in order to evaluate the level of performance of its collection personnel. McCollum, in his deposition, stated that he was currently a collection manager and it was the company's policy to monitor collectors' calls so that he could work with the collectors to improve their collection "style." When he was a collector, McCollum's supervisors would use the tapes of his calls for instructional purposes.

The circuit court granted defendant's motion for summary judgment. The court held that this case was controlled by *People v. Beardsley* (1986), 115 Ill. 2d 47, 503 N.E.2d 346, where the Illinois Supreme Court held that the Illinois eavesdropping statute did not prohibit the recording of a conversation by a party to that conversation. The circuit court found that the fact that this was a civil action, and *Beardsley* was a criminal action, did not take this case outside the *Beardsley* holding. Plaintiff has now appealed to this court.

The plaintiff argues on appeal that the trial court improperly

granted defendant's motion for summary judgment because genuine issues of material fact exist. Plaintiff contends that genuine issues of material fact exist concerning whether the parties intended their conversations to be private, whether the plaintiff knew that the conversations were being taped, and whether the telephone calls in issue were overheard or intercepted by another. In response, defendant contends that no genuine issues of material fact exist. Defendant asserts that based on the Illinois Supreme Court's interpretation of the Illinois eavesdropping statute, there was no eavesdropping violation, and further, there could not have been a violation because the tapes here were not listened to or overheard by a third party.

■■■ The purpose of summary judgment is to determine whether there are any genuine issues of triable fact. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871; *Wogelius v. Dallas* (1987), 152 Ill. App. 3d 614, 619, 504 N.E.2d 791, 794.) A summary judgment motion should be granted only when the pleadings, depositions and admissions on file, considered along with any affidavits, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (*Purtill,* 111 Ill. 2d at 240, 489 N.E.2d at 871; *Wogelius,* 152 Ill. App. 3d at 619, 504 N.E.2d at 794.) In determining whether there is a genuine issue of material fact, the trial court must construe the evidence strictly against the movant and liberally in favor of the opponent. (*Purtill,* 111 Ill. 2d at 240, 489 N.E.2d at 871; *Wogelius,* 152 Ill. App. 3d at 619, 504 N.E.2d at 794.) However, the opposing party cannot rely on his pleadings alone to raise issues of material fact when the movant supplies facts which would entitle him to judgment as a matter of law, if not contradicted. (*Purtill,* 111 Ill. 2d at 240-41, 489 N.E.2d at 871; *In re Application of Rosewell* (1986), 148 Ill. App. 3d 297, 302, 498 N.E.2d 790, 793.) Accordingly, the trier of fact will admit and accept as true, for purposes of the summary judgment motion, facts contained in the movant's affidavit in support of his motion for summary judgment which are not contradicted by counteraffidavit. *Purtill,* 111 Ill. 2d at 241, 489 N.E.2d at 871-72.

In the present case, the trial court held that summary judgment in favor of the defendant was appropriate because no genuine issue of material fact existed, based on *People v. Beardsley* (1986), 115 Ill. 2d 47, 503 N.E.2d 346. In *Beardsley,* the defendant was stopped for speeding. (*Beardsley,* 115 Ill. 2d at 48, 503 N.E.2d at 347.) The defendant refused to give his name or produce his driver's license, and demanded to speak with counsel. (*Beardsley,* 115 Ill. 2d at 48, 503 N.E.2d at 347.) Consequently, the police officers arrested the

defendant and placed him in the back of their squad car, while waiting for a tow truck to take defendant's car. *Beardsley,* 115 Ill. 2d at 49, 503 N.E.2d at 348.

As defendant sat in the back of the squad car, he tape-recorded the conversation that the officers were having in the front seat. (*Beardsley,* 115 Ill. 2d at 49, 503 N.E.2d at 348.) The officers stated that they did not consent to having their conversation taped and they were unaware that the defendant's recorder was on. (*Beardsley,* 115 Ill. 2d at 49, 503 N.E.2d at 348.) They were aware, however, that the defendant had a tape recorder. (*Beardsley,* 115 Ill. 2d at 49, 503 N.E.2d at 348.) Subsequently, the defendant was convicted of eavesdropping in violation of section 14—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 14—2(a)), and the appellate court affirmed the conviction. *People v. Beardsley* (1985), 139 Ill. App. 3d 819, 487 N.E.2d 731.

The Illinois Supreme Court reversed Beardsley's eavesdropping conviction. The statute that Beardsley was convicted under, and the one that defendant in the instant case is charged with violating, states in pertinent part:

"A person commits eavesdropping when he:

(a) Uses an eavesdropping device to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation or (2) with the consent of any one party to such conversation and in accordance with Article 108A of the 'Code of Criminal Procedure of 1963', approved August 14, 1963, as amended ***." Ill. Rev. Stat. 1985, ch. 38, par. 14—2(a).

The *Beardsley* court held that the "eavesdropping statute should not prohibit the recording of a conversation by a party to that conversation *or* one known by the parties thereto to be present." (Emphasis in original.) (*Beardsley,* 115 Ill. 2d at 56, 503 N.E.2d at 351.) The court based its holding on the fact that a party to the conversation cannot be accused of listening secretly to what is said in private or of surreptitious interception of a private conversation, because that party is competent to testify concerning the contents of the conversation, and could have taken notes or transcribed the conversation, rather than recording it. (*Beardsley,* 115 Ill. 2d at 58-59, 503 N.E.2d at 352.) Moreover, the court stated that the primary factor in determining whether Beardsley was guilty of eavesdropping was not whether all the parties consented to the recording, but whether the officers justifiably expected and intended their conversation to be private. (*Beardsley,* 115 Ill. 2d at 54, 503 N.E.2d at 350.) Finally, the

court stated that the result would not necessarily have been the same had Beardsley used a transmitter rather than a recorder, so that the officers' conversation could be overheard by a third party. *Beardsley,* 115 Ill. 2d at 59, 503 N.E.2d at 352.

■■ ■ We find that the *Beardsley* case is dispositive of the present case and that the trial court, accordingly, did not err in granting the defendant's motion for summary judgment. The two conversations in this case were recorded by McCollum, a party to the conversation. As in *Beardsley,* McCollum could have taken notes or transcribed the conversations, rather than taping them, and could have testified concerning the conversations. Applying the *Beardsley* rationale to this case, the fact that the plaintiff did not consent to or know of the recording is irrelevant to a determination of whether the defendant was guilty of eavesdropping. Thus, there was no genuine issue of material fact requiring a trial on this issue.

Additionally, we find that no genuine issue of material fact existed concerning whether the parties intended their conversation to be private. As in *Beardsley,* McCollum's recording of the conversation was not to obtain information that otherwise would have been inaccessible to him, but was merely to preserve a more accurate account of the conversation. (See *Beardsley,* 115 Ill. 2d at 56, 58, 503 N.E.2d at 352.) This rationale is supported by Riley's affidavit, stating that one of the reasons that the defendant taped the calls of its collectors was to resolve any discrepancies concerning what was said in the conversations. Plaintiff failed to contradict, by counteraffidavit, this fact concerning the use of the recordings to resolve disputes. Therefore, the statement in Riley's affidavit is admitted and accepted as true for purposes of the summary judgment motion, and there is no triable issue on this matter either. See *Purtill,* 111 Ill. 2d at 241, 489 N.E.2d at 871-72.

Finally, plaintiff argues that a genuine issue of material fact existed concerning whether the tapes of his telephone calls were overheard or intercepted by another, and that this issue distinguished his case from the *Beardsley* case. Plaintiff, however, has offered no affidavit supporting his allegation that the conversations were overheard or intercepted by another. Where a movant supplies facts which would entitle him to judgment as a matter of law, if not contradicted, a party opposing summary judgment cannot rely on his pleadings alone to raise issues of material fact. (*Purtill,* 111 Ill. 2d at 240-41, 489 N.E.2d at 871; *In re Application of Rosewell,* 148 Ill. App. 3d at 302, 498 N.E.2d at 793.) Defendant's motion for summary judgment was supported by Riley's affidavit stating that the tapes of plaintiff's con-

versations were not overheard or intercepted by anyone and were listened to only by defendant's counsel, after plaintiff filed this lawsuit.[1] Because plaintiff failed to file a counteraffidavit contradicting Riley's statement, the statement is admitted and must be accepted as true. (*Purtill,* 111 Ill. 2d at 241, 489 N.E.2d at 871-72.) Accordingly, there is no genuine issue of material fact concerning whether another party overheard or intercepted plaintiff's calls.

Hence, we must conclude that the trial court correctly granted summary judgment in this case. Even construing the evidence strictly against the defendant and liberally in favor of the plaintiff, as we must (see *Purtill,* 111 Ill. 2d at 240, 489 N.E.2d at 871; *Wogelius,* 152 Ill. App. 3d at 619, 504 N.E.2d at 794), it is nonetheless clear that there is no genuine issue of triable fact. We find plaintiff's allegations of an eavesdropping violation to be unsupported by any pleadings, depositions or affidavits. Plaintiff's mere allegations in his pleadings that his calls were intercepted are insufficient to raise any issues of material fact.

In its brief, defendant has also argued that the motion for summary judgment may also be sustained by applying Minnesota law to the issue in this case. It contends that Minnesota law should be applied because Minnesota has the most significant relationship to the conduct at issue. We find it is unnecessary, however, to reach this argument because we affirm the trial court's decision here under the applicable Illinois law. Furthermore, defendant failed to raise any conflict of law issue in the trial court, and defendant cannot raise it for the first time on appeal and, thus, must be held to have waived the issue in any event. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872, 879.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.

---

[1]We do not need to decide, nor do we decide, what the effect of a third party listening to the tape recordings might have had where the conversation was recorded and intercepted by that third party.