THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RONALD H. COLE, Defendant-Appellee.

Fifth District   No. 5—87—0458

Opinion filed July 24, 1989.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James L. Karraker, of Finch & Karraker, P.C., of Anna, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

The State appeals the order entered June 9, 1987, in the circuit court of Williamson County suppressing a tape recording of a conversation between Marion Chief of Police Ron Swafford and defendant Ronald Cole.

On September 2, 1986, defendant was charged with criminal damage to property, burglary, theft, and armed violence. On October 29, 1986, the theft charge was amended to include an attempt charge. The armed violence charge was also amended, but did not amount to the addition of a separate charge. Additionally, charges of unlawful use of firearms by a felon, intimidation, and another armed violence charge were amended to the information.

On September 23, 1986, a preliminary hearing was held on the pending felony charges. Testimony from Detective Jeff McCoskey was presented and established probable cause to try the defendant for the offenses of criminal damage to property over $300, burglary, theft, and armed violence.

On December 19, 1986, a second preliminary hearing was held on the amended armed violence charge, and the additional charges of unlawful use of firearms by a felon, intimidation, and the second count of armed violence. At this hearing, testimony was presented from Detective Jeff McCoskey, Deputy Sheriff Robert McCluskey, and Chief of Police Ron Swafford. Chief Swafford testified that he was called to

the Marion police department after a burglar alarm had been triggered at a local sporting goods store. Officers at the scene of the sporting goods store telephoned and requested that Chief Swafford attempt to establish communication with the defendant, who was inside the store and who had been observed to be armed. The chief made a telephone call from the police station to the store in which the defendant was located. When the defendant answered the telephone, the chief identified himself and proceeded to convince defendant to surrender. When asked if he was armed, defendant told Chief Swafford the type of weapons defendant claimed to be in his possession. The chief recommended a procedure to be followed by the defendant in surrendering. Defendant told the chief that prior to his surrender he was going to finish his wine. At one point during the conversation, defendant became agitated and spoke abusively to the chief, claiming that he would blow the chief's brains out. This and other incriminating statements made by the defendant during the telephonically transmitted conversation were recorded by the telephone system at the Marion police station. The telephone lines at the station, as part of standard procedure, are connected to a tape recorder so that information transmitted to the station may be verified when necessary.

On January 23, 1987, defendant filed a motion to suppress the tape recording of his conversation with Chief Swafford, arguing that the recording constituted eavesdropping in violation of section 14—2 of the Criminal Code of 1961 and section 108A—1 *et seq.* of the Code of Criminal Procedure of 1963, respectively (Ill. Rev. Stat. 1987, ch. 38, pars. 14—2, 108A—1 *et seq.*), and was, therefore, inadmissible as evidence under section 14—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 14—5). The State argued that the recording was made from a police station in an emergency situation and should not be suppressed. Further, the State argued that the recording was not eavesdropping because it was not obtained in a surreptitious manner and the defendant had no reason to expect privacy during the recorded conversation.

After arguments, the trial court found that there was no emergency situation presented to except the recorded conversation from the purview of the eavesdropping statute (Ill. Rev. Stat. 1987, ch. 38, par. 14—2), and that the State did not attempt to obtain consent for the taping of the conversation within 48 hours after the taping, as required by statute when eavesdropping devices are used in emergency situations. (Ill. Rev. Stat. 1987, ch. 38, par. 108A—6.) The trial court ordered that the recording and transcripts made therefrom be suppressed. The State timely filed a notice of appeal and a certificate of

impairment in objection to the trial court's suppression of the recorded conversation between Chief Swafford and the defendant, alleged by defendant to have been obtained by illegal eavesdropping.

An eavesdropping device is defined as "any device capable of being used to hear or record oral conversation." (Ill. Rev. Stat. 1987, ch. 38, par. 14—1(a).) Section 14—2 provides that a person commits eavesdropping when he:

> "(a) Uses an eavesdropping device to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation or (2) with the consent of any one party to such conversation and in accordance with Article 108A of the 'Code of Criminal Procedure of 1963', approved August 14, 1963, as amended." Ill. Rev. Stat. 1987, ch. 38, par. 14—2(a).

Following our supreme court's ruling in *People v. Beardsley* (1986), 115 Ill. 2d 47, 503 N.E.2d 346, and also the ruling in *Smith v. Associated Bureaus, Inc.* (1988), 177 Ill. App. 3d 286, 532 N.E.2d 301, which relied on *Beardsley*, we must reverse the order of the trial court. In *Beardsley*, the defendant was initially arrested for a speeding violation (Ill. Rev. Stat. 1987, ch. 95½, par. 11—601(b)), and while sitting in the back seat of a patrol car while in custody, defendant proceeded to record, by means of a small tape recorder which he happened to have in his possession, a conversation undertaken by two police officers in the front seat of the vehicle. Consequently, defendant was also cited for eavesdropping. (Ill. Rev. Stat. 1987, ch. 38, par. 14—2(a).) Although the officers were aware that defendant possessed a tape recorder, it was their testimony at trial that they were unaware that defendant was recording during the arrest procedure, and further, that they did not consent to defendant's recording.

The defendant in *Beardsley* countered, relying on *People v. Klingenberg* (1975), 34 Ill. App. 3d 705, 339 N.E.2d 456, by arguing that eavesdropping occurs only when a conversation is intended by the declarant to be private. (*Beardsley*, 115 Ill. 2d at 51, 503 N.E.2d at 349.) The appellate court in *Klingenberg*, in determining whether the audio portion of a video tape made of the defendant while he performed various field sobriety tests pursuant to an arrest for driving under the influence of alcohol constituted eavesdropping, referred to the Committee Comments following section 14 for the proposition that " '[t]he reason for this legislation has, of course, been to protect the privacy of the individual, \*\*\*.' (Committee Comments, Ill. Ann. Stat. ch. 38, art. 14, at 581 (Smith-Hurd 1972).)" (*Klingenberg*, 34 Ill. App. 3d at 708, 339 N.E.2d at 458.) The *Klingenberg* court was un-

able to conclude that the defendant intended his statements to be of a private nature, and held that where there is no interception of communication intended by the declarant to be private, there is no eavesdropping. *Klingenberg*, 34 Ill. App. 3d at 708, 339 N.E.2d at 459.

■ The supreme court in *Beardsley*, apparently in agreement with defendant's argument based on *Klingenberg*, explained that the primary factor in determining whether eavesdropping has been committed is not whether all parties to the recorded conversation consented, but whether the complaining conversant or conversants justifiably expected their conversation to be private. (*People v. Beardsley* (1986), 115 Ill. 2d at 54, 503 N.E.2d at 350.) The supreme court expressed its reasoning that a party to a conversation cannot be accused of listening secretly to what is said in private, or of surreptitiously intercepting a private conversation, because that party is competent to testify concerning the contents of the conversation, and could have taken notes or transcribed the conversation, rather than record it. *Beardsley*, 115 Ill. 2d at 58-59, 503 N.E.2d at 352.

■ The supreme court fortified its conclusion in *Beardsley* with the reasoning of the United States Supreme Court in *Lopez v. United States* (1963), 373 U.S. 427, 10 L. Ed. 2d 462, 83 S. Ct. 1381. In *Lopez*, an agent equipped with a pocket wire recorder recorded defendant's unsolicited offer of money to a revenue agent for the purpose of obtaining the revenue agent's assistance in concealing certain tax liability. There, the Supreme Court ruled that eavesdropping was not involved because the government did not use the electronic device to listen in on conversations it could not otherwise have heard. Instead, the Supreme Court concluded, the electronic device was only a means of obtaining the most reliable evidence possible of a conversation in which the government's own agent was a participant and which that agent was fully entitled to disclose. (*Lopez*, 373 U.S. at 439, 10 L. Ed. 2d at 470, 83 S. Ct. at 1388.) Likewise, our supreme court in *Beardsley* concluded that the eavesdropping statute should not prohibit the recording of a conversation by a party to that conversation *or* one known by the parties thereto to be present. *Beardsley*, 115 Ill. 2d at 56, 503 N.E.2d at 351.

■ In the case now before us, defendant had no reason to expect that his recorded conversation with Chief Swafford was private, or would otherwise be held in confidence. There is no indication in the record that Chief Swafford promised defendant that their conversation was to be confidential. Thus, we find it unreasonable, for a defendant who reveals inculpating statements during a conversation with a police officer to claim these statements were of the private

nature deserving of protection offered by the eavesdropping statute. This privacy expectation is even more questionable when we consider that while the defendant freely offered inculpatory statements to Chief Swafford, at some points even raising his voice in anger or agitation, defendant was aware that the premise from where he did so was surrounded by other police officers by whom the defendant's statements expectably could have been heard. Therefore, focusing on the primary consideration enumerated in *Beardsley*, we are unable to find that defendant justifiably expected and intended his conversation with Chief Swafford to be private, and the ruling of the circuit court suppressing the recording of this conversation must be reversed.

For these reasons, the order of the circuit court of Williamson County is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

HARRISON and GOLDENHERSH, JJ., concur.