THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PAUL REGAINS, Defendant-Appellant.

Third District   No. 3—88—0530

Opinion filed August 31, 1989.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The State charged Paul Regains in the circuit court of Will County with an amended information containing two counts of aggravated indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, pars. 11—4.1(b)(1)(A), (b)(1)(B)) and two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)). The State distinguished the categories of charges to account for a change in the law effective July 1, 1984 (see Ill. Ann. Stat., ch. 38, par. 12—12, Historical Note, at 269 (Smith-Hurd Supp. 1989)), and it distinguished the counts in each category to accommodate its charges that Regains placed his penis in both the mouth and the vagina of the victim.

After Regains' trial, the jury returned general verdicts, indicating that Regains was guilty of aggravated indecent liberties with a child, aggravated criminal sexual assault, and aggravated criminal sexual abuse. Having dismissed the verdict pertaining to aggravated criminal sexual abuse as a lesser included offense of aggravated criminal sex-

ual assault, the circuit court sentenced Regains to concurrent terms of 12 years' imprisonment for each of the four counts which the State charged in the information. In this appeal Regains asserts that reversible error occurred in his trial with regard to the verdict forms, the admission of certain evidence, the jury instructions, and the prosecutor's closing argument. We affirm.

■ Regains argues first that he was deprived of his right to a unanimous verdict. Regains emphasizes that the verdict forms indicating the jury's finding that he was guilty of aggravated indecent liberties with a child and aggravated criminal sexual assault fail to differentiate between the charges that he put his penis in the mouth and in the vagina of the victim. He asserts that the 12 signatures could have resulted from some jurors believing that he was guilty of vaginal but not oral contact and the other jurors believing that he was guilty of oral but not vaginal contact—with the ultimate result that he was not found unanimously guilty of any of the charges. We note, however, that Regains failed to object to the general verdict forms at trial, and he failed to include the issue in his post-trial motion. Moreover, in attempting to provide the jury with the alternative of a lesser included offense of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—15), Regains also tendered general verdict forms, apparently affirmatively adopting the character of the forms which had been tendered by the State. Under these circumstances, we must conclude that Regains effectively waived any argument regarding the general nature of the verdict forms. *People v. Richardson* (1988), 123 Ill. 2d 322, 344-45, 528 N.E.2d 612, 620.

Regains argues that we should nevertheless consider the merits of his argument pursuant to Supreme Court Rule 451(c), which provides that "substantial defects are not waived by failure to make timely objections thereto if the interests of justice require." (107 Ill. 2d R. 451(c).) However, in view of the record in this case and particularly the jury instructions which accompanied the verdict forms and which thoroughly and precisely explained the nature of the four charges brought against the defendant, we conclude that no "substantial defect" occurred with regard to the general verdict forms such that the "interests of justice" require any relaxation of the waiver rule. *Richardson*, 123 Ill. 2d at 345, 528 N.E.2d at 620.

■ Regains argues that he was denied his right to a unanimous verdict also because of the probability that the jury's verdict was based on uncharged overt acts which constituted the offenses. Regains emphasizes that the State introduced the testimony of the victim and a medical expert which tended to show that Regains also

committed anal intercourse with the victim and that other testimony suggested that Regains committed sexual acts with the family cat and dog. Premising his argument is Regains' assertion that the overt acts charged in the four counts were not adequately specified to the jury. We have already concluded, however, that the jury instructions more than adequately specified the charged offenses. Moreover, the repeated references to "person" and to the name of the victim in the jury instructions deny even the possibility that the jury considered evidence of Regains' sexual relations with animals as constituting the charged offenses. Additionally, we note that the terms "deviate sexual conduct," "sexual intercourse" and "sexual penetration," as defined in the jury instructions, do not provide for contact or penetration involving either the anus of the victim or any part of an animal. We conclude, therefore, that Regains' argument is without merit.

▄▄ Regains further argues that he was denied a fair trial because of the introduction of evidence of the crimes of anal intercourse and sexual acts with a dog and cat. Initially, we observe that some of the evidence of other crimes, namely that pertaining to Regains' sexual activity with a dog and cat, was first introduced by the defendant. We will not, therefore, entertain his complaint on appeal that its admission was improper. *People v. Payne* (1983), 98 Ill. 2d 45, 50, 456 N.E.2d 44, 46.

▄▄ Second, we agree with the circuit court that the evidence of Regains' anal intercourse with the child was properly admissible as part of the same plan, scheme or design. The victim testified that on the mornings when Regains was home, approximately three mornings per week, after the victim's mother would leave for work and before the victim would leave for school, Regains would call the victim into his bedroom, tell her to undress or undress her and then engage with her in two of the three acts of oral sex, vaginal intercourse and anal intercourse. When the child would complain that it hurt, Regains would tell her to be quiet or that it would get better. If she refused to take off her clothes, Regains would promise her money or a toy. Regains also told her that if she ever told her mother, her mother would hate her and blame the incidents on her. We conclude that the evidence thus demonstrates a pattern and similarity of sexual activity sufficient to admit the evidence of anal intercourse on the basis that it was part of the same plan, scheme or design. (*People v. Partin* (1987), 156 Ill. App. 3d 365, 370, 509 N.E.2d 662, 665-66.) The circuit court did not err, therefore, in admitting it as such.

▄▄ Regains argues that, even were the evidence admissible, the jury instructions on the admissibility of the evidence were erroneous

because they indicate that the evidence was admissible on the issue of defendant's identification and knowledge—a basis different from that ruled upon by the circuit court on the motion *in limine*. However, because he failed to raise this issue at any point in the proceedings below, we conclude that Regains has waived the argument for purposes of our review. *Richardson*, 123 Ill. 2d at 344-45, 528 N.E.2d at 620.

Finally, we address the issues raised concerning a tape recording wherein Regains admitted to a police officer over the telephone that he had committed oral sex with the victim. Regains argues, first, that his conversation with the police officer was inadmissible as having been conducted in violation of his *Miranda* rights. We disagree.

■ *Miranda* warnings must be given to any defendant who is subject to custodial interrogation. (*In re N.E.R.* (1987), 159 Ill. App. 3d 320, 324, 512 N.E.2d 132, 134; see also R. Ruebner, Illinois Criminal Procedure 77-81 (1987).) Here, the defendant was neither in custody nor subject to interrogation. Regains called the officer from a phone booth on a street corner in downtown Chicago. He was not under arrest. There is no indication that his freedom was limited in any significant way. There was, therefore, no violation of Regains' *Miranda* rights.

■ Regains also asserts that the recording of the conversation was inadmissible as having been recorded in violation of his privacy rights as protected by the eavesdropping statute (Ill. Rev. Stat. 1983, ch. 38, par. 14—1 *et seq.*) and the United States and Illinois Constitutions. Again, we disagree. The eavesdropping statute is aimed at the conduct of "listening in secret to what is said in private." (*People v. Beardsley* (1986), 115 Ill. 2d 47, 58, 503 N.E.2d 346, 352.) In this case Regains called and spoke to a police officer at the police station. He could not reasonably expect that his voluntary confession to having committed oral sex with a child would remain private if told to a police officer. Moreover, since the conversation was recorded as a matter of routine procedure applicable to all telephone calls, the police officer could not be charged with having acted surreptitiously with regard to the conversation with the defendant. We conclude, therefore, that Regains' conversation with Officer Price was not recorded in violation of the defendant's privacy rights.

❀8 Finally, Regains argues that reversible error occurred when the prosecutor played a portion of the recorded conversation as part of his closing argument. Regains did not object to the prosecutor's actions at trial, however, nor did he raise the issue of error in the closing argument in his post-trial motion. We conclude, therefore, that Regains waived any error in the closing argument. (*People v. Lucas*

(1981), 88 Ill. 2d 245, 250, 430 N.E.2d 1091, 1093.) Moreover, considering that the jury heard the tape in its entirety during the evidentiary portion of the trial, any error that may have occurred was not such as to deny Regains a fair trial. *Lucas*, 88 Ill. 2d at 252, 430 N.E.2d at 1094.

For these reasons we affirm the judgment of the circuit court of Will County.

Affirmed.

WOMBACHER, P.J., and HEIPLE, J., concur.