THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JERRY JANSEN, Defendant-Appellee.

Fifth District No. 5—89—0431

Opinion filed September 24, 1990.

Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ronald E. Fuhr, of Parker, Siemer, Austin, Resch & Resch, of Effingham, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

On March 10, 1989, the defendant, Jerry Jansen, was charged with the offense of eavesdropping. The charging information stated:

"That on the 30th day of December, 1988, in said County, Jerry Jansen committed the offense of EAVESDROPPING, in that the Defendant knowingly used an eavesdropping device to record a conversation between Robert Campbell and Jerry Jansen

without the consent of Robert Campbell, in violation of Section 14—2(a), Chapter 38, Illinois Revised Statutes."

On May 1, 1989, the defendant filed a motion to dismiss the information, alleging that it failed to state an offense under *People v. Beardsley* (1986), 115 Ill. 2d 47, 503 N.E.2d 346. (Ill. Rev. Stat. 1989, ch. 38, par. 114—1(a)(8).) Following a hearing on May 16, 1989, the trial court granted defendant's motion. On May 26, 1989, the State filed a motion to reconsider, which was heard and denied on June 21, 1989. The State now appeals the trial court's dismissal of the information.

In the present case, the trial court held that defendant's motion to dismiss should be granted because the charging instrument did not state an offense based on *Beardsley*. In *Beardsley*, the defendant was initially arrested for a speeding violation and, while seated in the back seat of a patrol car, proceeded to tape-record a conversation undertaken by two police officers in the front seat of the vehicle. Thereafter, Beardsley was also charged with eavesdropping. (Ill. Rev. Stat. 1987, ch. 38, par. 14—2(a).) At trial, the officers testified that although they were aware that Beardsley possessed a tape recorder, they were unaware that he was recording their conversation, and further, that they did not consent to his recording. The jury found Beardsley guilty of eavesdropping, and the appellate court affirmed the conviction. *People v. Beardsley* (1985), 139 Ill. App. 3d 819, 487 N.E.2d 731.

The Illinois Supreme Court reversed Beardsley's eavesdropping conviction. The statute that Beardsley was convicted under, and the one that defendant in the instant case was charged with violating, states in pertinent part:

"A person commits eavesdropping when he:

(a) Uses an eavesdropping device to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation ***." Ill. Rev. Stat. 1989, ch. 38, par. 14—2(a).

In *Smith v. Associated Bureaus, Inc.* (1988), 177 Ill. App. 3d 286, 290, 532 N.E.2d 301, 304, the appellate court summarized the supreme court's reasoning as follows:

"The *Beardsley* court held that the 'eavesdropping statute should not prohibit the recording of a conversation by a party to that conversation *or* one known by the parties thereto to be present.' (Emphasis in original.) (*Beardsley*, 115 Ill. 2d at 56, 503 N.E.2d at 351.) The court based its holding on the fact that a party to the conversation cannot be accused of listening se-

cretly to what is said in private or of surreptitious interception of a private conversation, because that party is competent to testify concerning the contents of the conversation, and could have taken notes or transcribed the conversation, rather than recording it. (*Beardsley*, 115 Ill. 2d at 58-59, 503 N.E.2d at 352.)"

Finding the *Beardsley* case dispositive, the *Smith* court held that, in a civil context, the eavesdropping statute did not prohibit a collection agency's recording of a telephone conversation between a debtor's attorney and the collection agency employee who was a party thereto, regardless of whether the attorney consented to or knew of the recording. (*Smith*, 177 Ill. App. 3d at 291, 532 N.E.2d at 304-05.) Similarly, this court, in *People v. Cole* (1989), 186 Ill. App. 3d 1002, 542 N.E.2d 1145, followed *Beardsley* in holding that a police chief's recording of a conversation between the defendant and the chief of police was not prohibited by the eavesdropping statute. See also *People v. Regains* (1989), 187 Ill. App. 3d 713, 543 N.E.2d 1090 (police officer's recording of defendant's conversation during telephone call to officer did not violate eavesdropping statute, citing *Beardsley*).

 Here, the State argues that the trial court erred in dismissing defendant's eavesdropping charge on the grounds that it failed to state an offense where the information charged the defendant in the language of the statute. However, the information alleged only that the defendant recorded a conversation between himself and Robert Campbell without Campbell's consent, and the supreme court in *Beardsley* had previously ruled that the recording of a conversation by a party to that conversation is not a violation of the eavesdropping statute. Therefore, under *Beardsley*, the information did not state an offense.

It is well settled that where the supreme court has declared the law on any point, it alone can overrule and modify its previous opinion, and the circuit courts are bound by such decision and must follow the decision in similar cases. (*People v. Brown* (1988), 171 Ill. App. 3d 500, 503-04, 525 N.E.2d 1228, 1230; *Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27, 116 N.E.2d 863, 867.) This is true irrespective of contentions that the decision is erroneously decided. (*Brown*, 171 Ill. App. 3d at 504, 525 N.E.2d at 1230.) Therefore, the trial court did not err in dismissing the charge where it followed the clear dictate of *Beardsley*.

 The State further argues that it is entitled to an evidentiary hearing for the purpose of establishing that Robert Campbell had a reasonable expectation of privacy in his conversation with the

defendant. However, in reviewing a motion to dismiss under section 114—1(a)(8), the court may only examine the information itself. (*People v. Drake* (1978), 63 Ill. App. 3d 633, 636, 380 N.E.2d 522, 524.) Thus, matters of an evidentiary nature are not properly before the court in determining the legal sufficiency of a charging instrument, and even if the court had improperly received evidence in deciding the defendant's motion, that fact could not validate an information that failed to charge an offense. *People v. Fink* (1982), 91 Ill. 2d 237, 241, 437 N.E.2d 623, 625.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

CHAPMAN and GOLDENHERSH, JJ., concur.