(Nos. 53138, 53186 cons

GERALD A. SEARS, Appellant, v. CONDE S. SEARS, Appellee.—NANCY DRAFZ, Appellant, v. PARKE, DAVIS & COMPANY, Appellee.

*Opinion filed June 4, 1981.*

J. Scott Bonner, of Neumark & Bonner, and Larry R. Kane, all of Chicago, for appellant.

Bentley, Du Canto & Doss, of Chicago (Owen L. Doss, of counsel), for appellee.

Asher, Goodstein, Pavalon, Gittler, Greenfield & Segal (Eugene I. Pavalon, of counsel), and Cooney & Stenn, all of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, James R. Pancheri, and Stephen R. Swofford, of counsel), for appellee.

MR. JUSTICE SIMON delivered the opinion of the court:

These consolidated cases involve successive post-judgment motions which merely repeat what was set forth or could have been set forth in the first post-judgment motion. The questions they raise are whether the circuit court can allow such a motion and whether filing one extends the time for appeal. These unrelated cases in which we granted leave to appeal involve orders entered by the circuit court of Cook County.

Sears v. Sears (cause No. 53138) is an example of endless matrimonial litigation; but it is unnecessary to relate the entire history of the case. On August 24, 1977, judgment was entered for Conde Sears against Gerald Sears for $13,874.80 for various expenses and arrearages in support. On September 15, Gerald moved to reopen the judgment on the ground that he had justifiably not known of a hearing set for August 23, which had proceeded on Conde's evidence alone and had been the basis of the next day's judgment. The motion was denied on December 6. On January 4, 1978, Gerald filed a second motion, making the same argument in more detail. The court heard evidence about who had said what to whom and what Gerald should have known about the August 23 hearing, and on July 12 denied the motion. On August 1, Gerald appealed

all the foregoing orders. The appellate court, by order, dismissed Gerald's appeal as untimely filed (79 Ill. App. 3d 1202).

Drafz v. Parke, Davis & Co. (cause No. 53186) involves a failure-to-warn count of a product liability suit. The defendant moved to strike and dismiss on the ground that in her "amended third amended complaint" plaintiff failed to allege that the defendant manufacturer knew of the danger, as required by *Woodill v. Parke Davis & Co.* (1978), 58 Ill. App. 3d 349, *aff'd* (1980), 79 Ill. 2d 26, a case then before the appellate court on a motion for rehearing. On October 12, 1978, the defendant's motion was allowed, the count was dismissed, and the court made a Rule 304(a) finding, rendering the dismissal enforceable and appealable (73 Ill. 2d R. 304(a)). On November 13 (the 30th day was a Saturday), Nancy Drafz moved to set aside the dismissal on the ground that the defect in the complaint could be easily cured by amendment. The motion was denied on November 15. The judge who had entered these orders then retired. Ms. Drafz filed a second motion on December 11, before a new judge. In her brief, she portrays the motion as in part directed not against the judgment but against new errors in the denial of the first motion; the record, however, demonstrates that the motion was little more than a slightly lengthened redraft of the first. That same day, 26 days after the order denying the first post-judgment motion and four days before her time to appeal expired, the new judge continued the motion, stayed the judgment and the first post-judgment order, and ordered that the time for appeal should not run. On February 13, 1979, the judge set aside the judgment and allowed leave to amend the complaint. On appeal under Supreme Court Rule 308 (73 Ill. 2d R. 308), the appellate court held that the circuit court was without jurisdiction to consider the second motion or set aside the judgment, and reversed, reinstating the judgment for

Parke, Davis and Company. 80 Ill. App. 3d 540.

The principles that govern the procedural status presented by these cases were settled in *Deckard v. Joiner* (1970), 44 Ill. 2d 412. There this court held that a second post-judgment motion, filed more than 30 days after judgment but within 30 days of the denial of the first motion, that only repeats what was in the first motion or raises points that could have been raised the first time does not extend the time for appeal. *Deckard* also noted that the circuit court could not allow a motion of that type. Anything in *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135, which appears to contradict the holding in *Deckard* or to expand the use of post-judgment motions beyond the time limits announced in *Deckard* was *dictum*. The issue decided in *Fultz* was that a motion for leave to amend a complaint does not extend the time for appeal or the time for filing other motions.

An order denying a post-judgment motion is not itself a judgment, as that word is used in article VI, section 6, of the 1970 Constitution or in Supreme Court Rule 303 (73 Ill. 2d R. 303), and is not an appealable order. But as a practical matter the denial of a timely first post-judgment motion is always reviewable, because on appeal of the judgment the appellant may bring up all related orders entered before the notice of appeal and not previously appealable, including the denial of a post-judgment motion. Sections 50(5), 68.1, and 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 50(5), 68.1, 68.3) do not authorize a motion directed against a judgment unless filed within 30 days of the judgment or any extension of time which may be allowed by the trial court (Ill. Rev. Stat. 1979, ch. 110, pars. 68.1, 68.3). Such a motion not only extends the circuit court's jurisdiction, but also extends the appellate court's potential jurisdiction, the time within which a notice of appeal may be filed, until 30 days after the motion is denied. (73 Ill. 2d R. 303.)

Such a motion, while it may stay the judgment (Ill. Rev. Stat. 1979, ch. 110, pars. 68.1, 68.3), does not disturb the judgment itself or make it merely interlocutory. (See *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 418.) A motion not filed within 30 days after the judgment (or any extension allowed) is not "timely" within the meaning of that word as used in Rule 303(a); and an untimely motion, or one not directed against the judgment, neither stays the judgment nor extends the time for appeal.

A second post-judgment motion (at least if filed more than 30 days after judgment) is not authorized by either the Civil Practice Act or the rules of this court and must be denied. (*Deckard.*) There is no provision in the Civil Practice Act or the supreme court rules which permits a losing litigant to return to the trial court indefinitely, hoping for a change of heart or a more sympathetic judge. Permitting successive post-judgment motions would tend to prolong the life of a lawsuit—at a time when the efficient administration of justice demands a reduction in the number of cases pending in trial courts—and would lend itself to harassment. There must be finality, a time when the case in the trial court is really over and the loser must appeal or give up. Successive post-judgment motions interfere with that policy. And justice is not served by permitting the losing party to string out his attack on a judgment over a period of months, one argument at a time, or to make the first motion a rehearsal for the real thing the next month. In the interests of finality, and of certainty and ease of administration in determining when the time for appeal begins to run, we reaffirm the rule of *Deckard* that successive post-judgment motions are impermissible when the second motion is filed more than 30 days after the judgment or any extension of time allowed for the filing of the post-judgment motion. We hold that the filing of post-judgment motions is limited by the time constraints of the sections of the Civil Practice

Act referred to above.

Ms. Drafz' second motion was improper, and did not extend the time for appeal or renew the circuit court's jurisdiction. The appellate court correctly reversed the circuit court's order allowing it. The judgment dismissing the failure-to-warn count of Ms. Drafz' complaint is beyond review, for she did not timely appeal. The circuit court did not have authority to extend the time for appeal by ordering so; nor did staying the judgment toll the time for appealing it, for judgments are routinely stayed, both by the circuit court and by the appellate court, pending appeal.

Gerald Sears' warmed-over motion was equally improper. The appellate court correctly dismissed his appeal as untimely.

Gerald argues that by participating in the hearing on his second motion, Conde revested the circuit court with jurisdiction. The revesting doctrine (last applied by this court in *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46) is, however, inapplicable on the facts of this case. The hearing on Gerald's motion did not concern the merits of the judgment; the participants did not ignore the judgment and start to retry the case, thereby implying by their conduct their consent to having the judgment set aside. On the contrary, the hearing was about whether the judgment should be set aside; and Conde insisted it should not. Nothing in the proceeding was inconsistent with the judgment. Nothing in Conde's conduct voluntarily waived her judgment or estopped her to assert it. The old judgment was never touched, and no new one was entered. The hearing on Gerald's last motion did not render the order denying that motion appealable.

The judgments of the appellate court are affirmed.

*Judgments affirmed.*