THE TOWN OF NORMAL *et al.*, Plaintiffs-Appellees and Cross-Appellants, *v.*
BOARD OF REGENTS, REGENCY UNIVERSITIES *et al.*,
Defendants-Appellants and Cross-Appellees.

Fourth District    No. 17549

Opinion filed June 22, 1982.

Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, P. C., of Springfield (John L. Swartz, of counsel), for appellants.

Alan J. Novick, Corporation Counsel, of Normal, and Hayes, Schneider, Hammer & Miles, Ltd., of Bloomington (Frank Miles, of counsel), for appellees.

JUSTICE TRAPP delivered the opinion of the court:
An earlier appeal by plaintiffs from an order of the trial court dismissing a complaint for declaratory judgment was dismissed in the reviewing court for want of a timely notice of appeal. Here, defendants appeal from the order granting plaintiffs' section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72) whereby the trial court vacated its previous judgment and reentered the identical judgment in order to allow a timely notice of appeal.

Defendants assert this is an improper use of section 72 and there were not sufficient facts alleged in the petition to entitle such relief. Plaintiffs

filed a cross-appeal asserting that the dismissal of the complaint for declaratory judgment was improper. We find the section 72 petition was improperly granted and therefore do not reach the dismissal issue on cross-appeal.

On January 5, 1981, plaintiffs filed a complaint for declaratory judgment alleging that plaintiff, Town of Normal, a home-rule municipal corporation, was authorized by statute and the Illinois Constitution of 1970 to license establishments which sell alcoholic beverages. This authority was alleged to extend to licensing of such sale at Illinois State University, which was authorized to sell alcoholic liquors by Public Act 81-1160, incorporated into section 11 of article VI of the Liquor Control Act. (Ill. Rev. Stat. 1979, ch. 43, par. 130.) On January 19, 1981, defendants filed a motion to dismiss this complaint. The motion was granted and the order dismissing the complaint was filed on March 16, 1981.

Prior to the filing of this order, a letter from plaintiffs' counsel to the Sangamon County circuit clerk was filed. The letter stated:

"Enclosed please find a notice of appeal in Town of Normal v. Board of Regents et al. 81-CH-4. Please prepare the record in this case. I have sent Judge Friedman an order which is to be entered just before this notice in the chronology of the case."

The circuit clerk filed the notice of appeal on March 9, 1981, prior to the March 16 filing of the final order. The notice of appeal having been filed, the case came to this court where the appeal was dismissed due to lack of jurisdiction by order entered August 7, 1981 (4th Dist., Gen. No. 17057).

On September 24, 1981, plaintiffs filed a petition to vacate the order of dismissal entered by the trial court pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). In count I of this petition, plaintiffs alleged that, through no fault or negligence on the part of the petitioners, an order of dismissal was entered by the court through an error of fact. The alleged error of fact was that the order of dismissal was signed a week after it arrived in the judge's possession because the judge was on vacation, with the result that the order was signed and filed after the notice of appeal was on file. In count II of this petition, the same allegations are made, except that it is also alleged there was no final order of dismissal entered by the circuit court while it had jurisdiction to do so. This assertion is apparently based on the fact that the notice of appeal was already on file. Both counts contained the prayer that the court enter an order vacating and setting aside the order of dismissal and "either entering judgment for plaintiff in the original complaint or enter a new order of dismissal dated so that petitioner will be able to file a new notice of appeal * * *."

Among other affidavits, attorney for plaintiffs filed an affidavit stating the court had indicated its intent to dismiss the complaint; affiant

decided not to amend the complaint because it stated a good cause of action; he sent the draft final order, approved by opposing counsel, to the court; he sent the notice of appeal along with the previously noted letter to the clerk of the circuit court; affiant had no knowledge the judge was going to be on vacation; through no fault of his own the judge signed the order when he returned from vacation; the notice of appeal was already on file; and affiant was not negligent in his activities.

The trial court's order dated October 20, 1981, stated that the order of March 16, 1981, was erroneously entered later than could reasonably have been expected under these circumstances because Judge Friedman's vacation was unknown to the parties, and therefore, the section 72 petition stated a valid cause of action and the March 16 order was vacated pursuant to section 72. The order then stated that plaintiffs' original complaint in declaratory judgment was defective because the Town of Normal does not have the power to license the University.

Section 72 of the Civil Practice Act enables a party to bring before the court rendering a judgment matters of fact not appearing in the record which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) Defendants assert there were no unknown pertinent facts alleged in the petition since the time the notice of appeal was filed was a matter of record. There are no facts alleged relating to the dismissal, and the petition specifically invited reentry of the same order of dismissal.

■■ We agree that where all relevant facts appear of record, and especially where reentry of the same judgment is requested, section 72 relief is not appropriate.

■■ The plaintiffs argue that the right to appeal should not be denied to a litigant under circumstances over which the litigant had little, if any, control, and cite *People v. Jacobs* (1975), 61 Ill. 2d 590, 338 N.E.2d 161, *People v. Aliwoli* (1975), 60 Ill. 2d 579, 328 N.E.2d 555, *People v. Brown* (1968), 39 Ill. 2d 307, 235 N.E.2d 562 and *People v. McManus* (1978), 66 Ill. App. 3d 986, 384 N.E.2d 568. These cases are plainly distinguishable and are not persuasive upon the issue here.

We note initially that no case cited involves the issue of perfecting an appeal by the filing of a timely notice—an action which is essential to establishing jurisdiction on appeal under Supreme Court Rule 301 (87 Ill. 2d R. 301.)

In *Jacobs, Aliwoli,* and *Brown,* timely notices of appeal were filed. Thereafter, the appeals were dismissed by the reviewing court for failure to file briefs and abstracts, or for want of prosecution. Motions to reinstate the respective appeals were denied. The supreme court granted

leave to appeal from the latter orders. No proceedings under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) were sought or considered in these cases.

In *Jacobs*, the supreme court exercised its supervisory power to require the vacation of the order dismissing the appeal. In *Aliwoli*, it was held that the refusal to reinstate the appeal was an abuse of discretion; while in *Brown*, the supreme court reversed the denial of the motion to reinstate the appeal and remanded with directions to allow it. In *McManus*, the appeal was dismissed in the circuit court under the former Supreme Court Rule 309, which authorized the circuit court to dismiss an appeal where the record was not timely filed in the reviewing court. It is in such context that there was an appeal of the dismissal of the section 72 proceeding. In *McManus*, the reviewing court treated the issue as whether, under the circumstances, defendant "should be allowed to pursue a late notice of appeal" (66 Ill. App. 3d 986, 988), and, in such context, the opinion stated that it would be necessary to reverse the dismissal of the section 72 proceedings, and the trial court's dismissal of the appeal. Such action was based on the considerations found in *Jacobs*, *Aliwoli*, and *Brown*, and the appellate court did not approve the application of section 72.

The theme of the cited cases is that in criminal cases the courts have a pervading concern that a criminal defendant have at least one full appellate review of the conviction. In *Brown*, the court stated:

> "For a representative system of litigation to function, it is self-evident that under most circumstances clients must be bound by the acts of their lawyers. However, it is equally self-evident that a mechanical application of this legal proposition can lead to harsh results repugnant to commonly held notions of justice and fair play. [Citation.] These results can be even harsher in a criminal case than a civil one since in the latter suit the aggrieved client has, in theory, a malpractice action against his attorney for damages, while in the former no attorney can restore his client's lost liberty.
> * * *
> We find the consequence of the dismissal here most significant, for while the right of appeal in a criminal case is not *per se* of constitutional dimension [citation], any denial of it is subject to the due-process and equal-protection guarantees of the Federal and State constitutions. Moreover, recent decisions have implemented this right, providing that indigents are entitled to competent appointed counsel on appeal [citation], even where pleas of guilty were made below [citation], and to free transcripts of the trial record. [Citation.] These decisions reflect courts' concern with

providing that any defendant who so desires can obtain at least one full appellate review of his conviction." (39 Ill. 2d 307, 310-11, 235 N.E.2d 562, 565.)

In view of this judicial attitude the *Brown* court held that in criminal cases it would not apply the general agency rule binding clients by the acts of their lawyers as it would in civil cases. The dichotomy is clearly stated. We do not believe the potential loss of power to license sales of liquor at Illinois State University is of the magnitude of the potential loss of liberty involved in criminal cases. Therefore, the agency rule will not be waived in this case, and plaintiffs are bound by the acts of their attorney.

Plaintiffs have cited and attempted to analogize to several other cases. However, each argument attempts to avoid the fact that neither the trial court nor anyone else, except plaintiffs and their attorney, had the responsibility to check and verify that notice of appeal was timely filed. Plaintiffs were not misled by anyone except their own expectations and assumptions.

It appears that counsel attempted to delegate his responsibility to file a timely notice of appeal to the office of a busy, harried circuit court clerk. The draft order was sent to the trial judge while the notice of appeal was sent to the office of the clerk with a result that effective handling of the two documents was not readily correlated. While the circuit clerk might desire to be accommodating, there was no official duty imposed by simply sending a letter such as this.

One does not find an attempt to verify that there was an acceptance of responsibility by the clerk, and it appears that counsel made no verification of the status of the appeal until the matter was brought to his attention by the rule in the reviewing court.

For the reasons stated the granting of the section 72 petition is reversed, and the initial order of dismissal reinstated. Plaintiffs' cross-appeal addressing the dismissal of the original complaint is not timely and is, therefore, dismissed for lack of jurisdiction.

Reversed. Cross-appeal dismissed.

GREEN, P. J., and WEBBER, J., concur.