ROBERT MEYER, Plaintiff-Appellant, v. BLUE CAB COMPANY, Defendant-Appellee.

First District (5th Division)   No. 84—0029

Opinion filed December 14, 1984.

Harvey L. Walner & Associates, Ltd., of Chicago (Sheldon L. Minkow and Lawrence Schlam, of counsel), for appellant.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from a trial court order dismissing with prejudice plaintiff's complaint for a declaratory judgment that defendant, a self-insurer, was required under section 143a of the Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755a) to provide uninsured motorist benefits to plaintiff—one of defendant's cab drivers—for injuries he received in a collision with a "hit and run" vehicle. Defendant contends that we lack jurisdiction because plaintiff's notice of appeal was untimely and, alternatively, that the dismissal was proper because a self-insurer is not required to provide uninsured motorist coverage.

The trial court, in granting defendant's motion to dismiss, found that defendant, a self-insurer, was not required to provide benefits under the Uninsured Motorist Law. (Ill. Rev. Stat. 1983, ch. 73, par. 755a(1).) Its order, entered on September 22, 1983, dismissing plain-

tiff's complaint with prejudice, also stayed "the enforcement or appeal of this order for a period of 60 days." Plaintiff filed his notice of appeal on December 22, 1983.

■ Defendant first contends that we lack jurisdiction because the notice of appeal was not timely. We initially note that an order dismissing plaintiff's complaint with prejudice, as here, is ordinarily final and appealable. (*Pick v. Pick* (1978), 58 Ill. App. 3d 357, 374 N.E.2d 689.) Plaintiff, however, pointing out that the order also stayed "enforcement or appeal for 60 days," argues that those words show that the court was retaining jurisdiction for future determination of matters of substantial controversy and thus, that the order was not final. See *Smith v. Interstate Fire & Casualty Co.* (1977), 47 Ill. App. 3d 555, 362 N.E.2d 38.

It is not clear what the trial court intended here when it stayed enforcement or appeal of the order for 60 days, but there is no doubt that the trial court had no authority to extend the time for filing a notice of appeal (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610), and plaintiff agrees that the trial court was not attempting to do so. It also appears—and plaintiff concurs—that the stay of enforcement was meaningless since there was nothing to be enforced. He maintains, nonetheless, that the order gave him an additional 60 days beyond the 30 days provided in section 2—1203(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203(a)) to file a post-trial motion, and therefore that his notice of appeal, filed on the 90th day after the order was entered, was timely. We disagree.

Rule 303(a) provides that:

> "[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, *if* a timely post-trial motion directed against the judgment is *filed*, whether in a jury or non-jury case, within 30 days after the entry of the order disposing of the last-pending post-trial motion." (Emphasis added.) 87 Ill. 2d R. 303(a).

■ Thus, we think it clear from Rule 303 that where no timely post-trial motion is filed, the notice of appeal must be filed within 30 days after the date of the final judgment appealed from. Here, the final judgment was entered on September 22, 1983, and since no post-trial motion was filed, the notice of appeal filed by defendants on December 22, 1983, was not timely.

Plaintiff argues, in the alternative, however, that we should assume jurisdiction as a matter of equity and, in support thereof, cites

*In re Rauch* (1977), 45 Ill. App. 3d 784, 359 N.E.2d 894, which we find is not supportive. In *Rauch,* appellants filed their notice of appeal more than 30 days after the final judgment but within the 50 days that the trial court had allowed in the order for the filing of a notice of appeal. It appeared that counsel for appellee had suggested that the 50-day clause be included in the order, and both the court and appellants' counsel agreed. While recognizing, in *Rauch,* that the trial court had exceeded its authority in providing 50 days within which to file a notice of appeal, this court found that "the ends of justice would be better served by permitting the appeal to proceed." It did so, however, on the basis that "a party whose own conduct contributes or causes another to commit an irregularity in judicial procedure, cannot later twist that irregularity to his own advantage." (45 Ill. App. 3d 784, 787, 359 N.E.2d 894, 896.) No such advantage was taken by defendant here, as the clause inserted in the order appealed from staying enforcement or appeal was not made at its suggestion but, rather, was a *sua sponte* action by the trial court.

In contrast to *Rauch,* the weight of authority is that the timely filing of a notice of appeal is mandatory and jurisdictional (*In re Application of County Collector* (1981), 95 Ill. App. 3d 1118, 420 N.E.2d 1055; *Bean v. Norfolk & Western Ry. Co.* (1980), 84 Ill. App. 3d 395, 405 N.E.2d 418), and because we have found that the notice of appeal filed here was not timely, we conclude that we have no jurisdiction to consider this appeal.[1]

For the foregoing reasons, this appeal is dismissed.

LORENZ and PINCHAM, JJ., concur.

---

[1]It should be noted that the legal question involved here, whether a self-insurer was required to provide uninsured motorist benefits, has been decided adversely to plaintiff in *Ebrahim v. Checker Taxi Co.* (1984), 128 Ill. App. 3d 906, and in *Hill v. Catholic Charities* (1983), 118 Ill. App. 3d 488, 455 N.E.2d 183.