(No. 74463.

FRANK A. MITCHELL, Appellee, v. FIAT-ALLIS, INC., Appellant.

*Opinion filed February 3, 1994.*

HARRISON, J., dissenting.

Heyl, Royster, Voelker & Allen (Karen L. Kendall and Bradley S. McMillan, of Peoria, and Gary L. Borah, of Springfield, of counsel), for appellant.

Katz, Friedman, Schur & Eagle, of Chicago (Harold A. Katz and David C. Zimmerman, of counsel), for appellee.

Anthony G. Karamuzis, of J. Richard Hisaw & Associates, Ltd., of Chicago, for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE McMORROW delivered the opinion of the court:

We are asked to determine whether the appellate court erred in taking jurisdiction over this workers' compensation appeal, where the claimant's attorney did not file a notice of appeal in conformance with Supreme Court Rule 303 but instead followed the circuit court's direction to file, in the circuit court, a motion to vacate the judgment order more than 30 days after the entry of that order. Because we are unable to conclude that appellate jurisdiction exists, we vacate the judgment of the appellate court and dismiss Mitchell's appeal.

Frank Mitchell, claimant and appellee, fell from a ladder and injured his right knee while he was working at the Fiat-Allis plant on March 2, 1985. He filed a petition with the Industrial Commission (Commission). After a hearing, the arbitrator entered a memorandum of decision in which she dismissed Mitchell's claim as not being proven. The Commission reversed this decision and awarded Mitchell compensation for his disability, medical expenses, and statutory penalties, interest, and attorney fees. Fiat-Allis filed a timely complaint for administrative review in the circuit court of Sangamon County.

The trial court heard argument on January 10, 1991,

and took the matter under advisement. The parties were requested to submit post-hearing authority. On February 27, 1991, the court signed an order that set aside the decision of the Commission and reinstated the ruling of the arbitrator. This final order, which was file stamped March 1, 1991, included directions to the clerk of the circuit court to send a copy of the order to the attorneys of record. The words "M.T. sent" appear on this order.

An affidavit of Mitchell's attorney discloses the following. On April 25, 1991, Mitchell's attorney was in Springfield on a matter unrelated to the instant case. He telephoned opposing counsel and the trial judge's court reporter, to inquire whether the judge would like the attorneys to appear for further argument on the Mitchell case. Upon arriving at the office of the clerk of the court, Mitchell's attorney checked the court file. Although the court docket sheet contained an entry which indicated that the trial court entered its order on March 1, 1991, Mitchell's attorney did not find the order disposing of his client's workers' compensation claim. He also asked an employee of the clerk's office to search for any unfiled papers, but nothing was found. Mitchell's counsel then spoke to the judge's court reporter, who said she believed that the judge had entered an order in the case. The court reporter began to search her own file. At this point, the trial judge appeared and, upon learning that Mitchell's counsel was unaware of her disposition of the case, set up a telephone conference call with opposing counsel. While the call was in progress, the court reporter handed Mitchell's attorney a copy of an unstamped order bearing the handwritten date of February 27, 1991.

As a result of the conference with the judge, Mitchell's attorney prepared and filed a section 2—1401 petition, seeking the court's withdrawal or vacation of the

order of February 27, 1991. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401.) A notation on the docket sheet for April 25, 1991, states that counsel was "directed to file [a] motion to vacate" on that date. Fiat-Allis was directed to respond by April 29. Fiat-Allis' attorneys filed a special and limited appearance, which stated in part, "The fact that movant's counsel was not notified by the [c]ourt nor by the clerk of the [e]ntry of the [o]rder does not excuse the failure to file a [n]otice of [a]ppeal within the thirty days required by statute."

On April 29, 1991, the judge granted the petition of Mitchell's counsel, withdrew the order of judgment dated February 27, and reentered the same order, effective April 29, 1991. Subsequently, Mitchell's counsel filed a timely notice of appeal from the April 29 order.

Mitchell's appeal challenged the circuit court's reversal of the Commission's award of compensation. Fiat-Allis cross-appealed, arguing that the appellate court lacked jurisdiction to decide the matter. Three members of the Industrial Commission Division of the appellate court held in favor of upholding jurisdiction, and two members dissented, on the basis that the court lacked jurisdiction. Reaching the merits, the appellate court held that the trial court erred in reversing the Commission. (232 Ill. App. 3d 943.) Thereafter, Fiat-Allis filed its petition for leave to appeal in this court, which we granted (134 Ill. 2d R. 315).

### ANALYSIS

Fiat-Allis urges this court to reverse the appellate court's ruling on the issue of jurisdiction, arguing that the court's opinion flouts the supreme court rules governing appellate jurisdiction. Supreme Court Rule 303(a)(1) provides that the notice of appeal from final judgments in civil cases "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." (134 Ill. 2d R. 303(a)(1).)

Subsection (e) provides for an extension of this time period for an additional 30 days, "[o]n motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time." (134 Ill. 2d R. 303(e).) Mitchell did not comply with either subsection of Rule 303 in the instant case; therefore, Fiat-Allis requests this court to hold that Mitchell's notice of appeal from the trial court's order was not timely filed.

Fiat-Allis primarily relies on this court's opinion in *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City* (1990), 141 Ill. 2d 122. In *Granite City*, the defendant city attempted to file a notice of appeal approximately four months after the trial court had disposed of the city's post-trial motion. The city argued that it had not received actual notice of the court's disposition of the post-trial motion. The issue was framed as follows: "whether the time for filing a notice of appeal is tolled until the parties receive actual notice of an order disposing of a post-trial motion." (*Granite City*, 141 Ill. 2d at 123.) This court held that "actual notice is not required, so long as the order appealed from was expressed publicly, in words and at the situs of the proceeding." (*Granite City*, 141 Ill. 2d at 123.) Accordingly, the court in *Granite City* affirmed the appellate court's rejection of the city's attempted appeal, holding that the city failed to come within the provisions of either Supreme Court Rule 303(a) or Rule 303(e).

We find *Granite City* applicable to the instant cause and hold that the appellate court improvidently took jurisdiction over Mitchell's appeal from the circuit court's setting aside of the Industrial Commission's award. When Mitchell's counsel learned of the entry of the circuit court's final order disposing of the case, the initial 30-day period of Rule 303(a) had elapsed. That he lacked actual notice of the entry of the order is not material under the *Granite City* analysis. Moreover, at the

time he learned of the existence of the March 1 order, Mitchell's counsel still had approximately six days in which to move, in the appellate court, for leave to file a late notice of appeal under Rule 303(e). Had he filed such a motion, the appellate court properly could have exercised its discretion in deciding whether to grant leave to file the late notice. However, the appellate court in the instant case lacked the discretion that Rule 303(e) confers because of Mitchell's failure to comply with either Rule 303(a) or Rule 303(e).

The issue of jurisdiction that Fiat-Allis presented to the appellate court questioned the authority of the trial court to grant Mitchell's section 2—1401 petition to extend the time for filing an appeal beyond the 30-day period conferred by Rule 303(a). This court has previously held that a trial court lacks authority to extend the time for filing a notice of appeal. *(Sears v. Sears* (1981), 85 Ill. 2d 253.) The appellate court in the instant case agreed that a section 2—1401 petition is not a proper vehicle for allowing "claimant a new 30-day clock to file a notice of appeal." (232 Ill. App. 3d at 949. See *Ruttenberg v. Red Plastic Co.* (1979), 68 Ill. App. 3d 728, 732 (petition seeking vacation of judgment after 30 days of its entry "cannot be used as a substitute for the party's right to appeal"); *Town of Normal v. Board of Regents, Regency Universities* (1982), 107 Ill. App. 3d 120, 122 (relief under section 2—1401 is inappropriate "where reentry of the same judgment is requested").) The filing of a section 2—1401 petition is considered a new proceeding, not a continuation of the old one. *(E.g., Village of Island Lake v. Parkway Bank & Trust Co.* (1991), 212 Ill. App. 3d 115, 120.) Therefore, after 30 days had elapsed from the time the circuit court entered its final order disposing of the workers' compensation claim, the circuit court lost jurisdiction over the matters resolved in that order. *(Village of Island Lake*, 212 Ill.

App. 3d at 120.) Ergo, according to Fiat-Allis, the appellate court in the instant case lacked jurisdiction to consider the appeal.

Notwithstanding its holding that section 2—1401 of the Code of Civil Procedure could not be employed as a means to salvage Mitchell's right to appeal, a majority of the appellate panel ruled that appellate jurisdiction would be upheld on grounds of equity. The appellate court expressed concern over the unfairness of penalizing the litigant because his attorney relied on the circuit court's incorrect directive. We are not insensitive to the concern expressed by the appellate court in the instant case. However, this court has general supervisory authority to oversee the administration of its own rules in the statewide system of courts. The circuit court's attempt in the instant case to assist Mitchell's counsel is understandable and well-intentioned, but neither the trial court nor the appellate court has the "authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." (*In re Smith* (1980), 80 Ill. App. 3d 380, 382, citing *Huber v. Maggio* (1975), 31 Ill. App. 3d 624, 625; see also *Meyer v. Blue Cab Co.* (1984), 129 Ill. App. 3d 440 (trial court's entry of final judgment triggered 30-day period for filing notice of appeal notwithstanding the trial court's order staying enforcement or appeal from the order for 60 days).) Attorneys are not excused from following the filing requirements of Rule 303 merely because a judge has recommended a procedural route that lies beyond the judge's authority to travel. Implementation of Rule 303 requires attorneys to monitor their cases to insure that appeals are timely filed. In the case at bar, we note that the circuit court docket sheet contains an entry indicating that on March 1, 1991, the circuit court entered its order. Mitchell's attorney did not make inquiry as to the status of the case from January 10, 1991, when the

court took the matter under advisement, until April 25, 1991, when the attorney was in the area on another matter.

Mitchell also contends that we should analogize this case to those in which the courts have applied equitable principles to correct the mistake of ministerial officers (see, *e.g., Cesena v. Du Page County* (1991), 145 Ill. 2d 32, 38; *In re Application of Rosewell* (1986), 148 Ill. App. 3d 297) or to excuse a litigant's mistaken reliance on a judge's erroneous direction (see *Needham v. White Laboratories, Inc.* (7th Cir. 1981), 639 F.2d 394 (holding that appealing party should not be penalized by loss of appeal for relying on trial court's erroneous assurance that the filing of a post-trial motion tolled the time for filing an appeal until the motion was decided)). We do not believe, however, that the case at bar is analogous to the cases which employ equitable principles to correct ministerial mistakes. The "mistake" in the instant case was the belief of the circuit court and Mitchell's counsel that a motion to vacate the judgment order, more than 30 days after its entry, was a valid means by which the circuit court could reenter the same order and thereby start a new 30-day period in which to file notice of appeal. That Mitchell's counsel apparently did not receive actual notice of the March 1 order, even if caused by clerical oversight, does not excuse counsel's failure to monitor his case closely enough to become aware that the circuit court had ruled. We conclude that, despite what might appear to be a harsh result under the facts of this case, the appellate court lacked jurisdiction over the appeal and should have dismissed it. Accordingly, we vacate the judgment of the appellate court and dismiss the appeal.

*Appellate court judgment vacated;*
*appeal dismissed.*

JUSTICE HARRISON, dissenting:

I agree that litigants must strictly adhere to the time limits we have established in Rule 303 (134 Ill. 2d R. 303) for filing notices of appeal. I agree that litigants may not use a petition under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) as a vehicle for extending those time limits. I even agree that the failure to comply with Rule 303's time limits cannot be excused on the grounds that counsel relied on erroneous advice from the trial judge. What I cannot agree with is the majority's view that these principles compel dismissal of Frank Mitchell's appeal.

The flaw in the majority's position is that it is premised on the belief that the circuit court's order became a final and appealable judgment as of March 1, 1991. This is not so. As the majority itself recognizes, a judge's decision in a case must be expressed publicly, in words, and at the situs of the proceedings before it will be considered a rendition of a judgment. An order is deemed to have become public at the situs of the proceedings when it is filed with the clerk of the court. (*Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City* (1990), 141 Ill. 2d 122, 123.) In the case before us, a copy of the court's judgment was ultimately produced which bore a clerk's file stamp dated March 1, 1991. The record further shows that the clerk's docket sheet contained an entry, also dated March 1, which stated, "ORDER ON REVIEW SIGNED BY JUDGE MYERSCOUGH." The problem is that Judge Myerscough's order had not, in fact, been placed in the court's file on March 1. Indeed, it was still not in the file nearly two months later, when Mitchell's attorney came to check on April 25, nor could it be located by the clerk's staff among the unfiled papers in the clerk's office. Somewhere between the file stamp and the file cabinet it had simply vanished.

Where the signed order went we may never know. *Amicus curiae* the Illinois Trial Lawyers Association points out that the Sangamon County clerk's office was beset by paperwork problems at the time this dispute arose. Lost or misplaced records were evidently commonplace. On at least one occasion, stacks of court documents were left to blow out open office windows. Some ended up on the courthouse lawn, some in a fountain pool, and some no one knows where.

The order in question here may not have met so extreme a fate. Even so, the fact remains that from the time the order was first signed on February 27, until sometime after April 25, it was not part of the court file. Although a copy of the order did turn up on the 25th, there is no evidence that this particular copy had ever passed through the clerk's hands. It bore no file stamp and was located by the court reporter among her personal notes, not in any official court records.

Because the order was not actually placed in the file and could not even be located in the clerk's office, it was not available for inspection by the parties, their attorneys or anyone else. Under these circumstances, the order was in no sense public. Lacking public expression, it could not operate as a final and appealable judgment. To hold otherwise, as the majority does here, is tantamount to finding that a party's legitimate right to appeal can be defeated through the ineptitude of some unknown deputy clerk. Such a result is wholly inconsistent with the orderly system of review we have striven to create through our rules of court.

The majority suggests that the problems here could have been avoided if only Mitchell's counsel had monitored the case more closely. Blaming counsel was an expedient the court employed in *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City* (1990), 141 Ill. 2d 122, but it will not work under the

facts of this case. In *Granite City* the order had at least been filed by the clerk and could have been checked by counsel anytime. Not even that was possible here. As I have just discussed, the order did not reach the court file before April 25. While counsel may have been able to ferret out the order earlier had he initiated his search sooner, that was not his responsibility. An attorney's obligation to monitor the progress of a case does not include the duty to insure that the court file is compiled properly in the first instance. By statute, that is the responsibility of the circuit clerk (see generally Ill. Rev. Stat. 1991, ch. 25, par. 13), who is expressly required to "enter of record all judgments and orders of their respective courts, as soon after the rendition or making thereof as practicable" (Ill. Rev. Stat. 1991, ch. 25, par. 14) on penalty of criminal punishment (Ill. Rev. Stat. 1991, ch. 25, par. 15).

I note, moreover, that while some $3^1/2$ months passed between the last hearing on the merits of the case, which was January 10, and counsel's personal investigation at the courthouse on April 25, there is nothing in the record which suggests that he should have been on notice that the trial court might issue its ruling sooner. Experienced litigators may hope that justice will be swift, but they know it often is not. Given the demands of the adversarial process and the burdens on our trial courts, delays have become a common, if lamentable, feature of contemporary litigation. The circuit court of Sangamon County has not escaped this trend. During 1991, 78% of the cases on the county's miscellaneous remedy docket, as this one was, were pending more than 12 months. (Administrative Office of the Illinois Courts, 1991 Annual Report to the Supreme Court of Illinois 104.) By contrast, only $7^1/2$ months had passed here between the time this case was first filed and the time counsel decided to check the file on April

25. That a ruling on the merits had been made within this brief period is a testament to Judge Myerscough's efficiency, but it is scarcely something which counsel could be expected to have anticipated.

As soon as Mitchell's counsel discovered something was amiss, both he and Judge Myerscough acted with the utmost diligence in attempting to remedy the situation. After giving all parties an opportunity to be heard, Judge Myerscough had the signed order properly filed on April 29. It was then and only then that the order constituted a final and appealable judgment so as to trigger the time limit specified by Rule 303(a) (134 Ill. 2d R. 303(a)). Because Mitchell's attorney filed the requisite notice of appeal less than 30 days later, the appeal was timely and was therefore properly considered on the merits by the appellate court. Accordingly, I dissent.