**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 31, 2009[*]
Decided April 1, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3457

DORIS BROWN,
　　　*Plaintiff-Appellant*,

　　　　　*v.*

JOE VARAN, *et al.*,
　　　*Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 07 C 1013
Samuel Der-Yeghiayan, *Judge*.

### Order

　　After being evicted from her home, Doris Brown filed this action under 42 U.S.C. §1983, contending that the deputy sheriff who carried out the state court's eviction order violated the Constitution's fourth amendment (applied to state actors by the fourteenth). The district court treated the suit as an attack on the state judge's order and dismissed it under the *Rooker–Feldman* doctrine, which provides that only the Supreme Court of the United States may review the judgment of a state court in civil litigation.

　　The Circuit Court of Cook County entered a judgment of foreclosure in June 2003 at the behest of Brown's mortgage lender, following proof that she had stopped paying in 1998. The property was sold at a sheriff's sale on March 25, 2005, after her equity of redemption expired. When Brown refused to leave, the circuit court entered in May 2005 an order of possession, which gave Brown another 90 days to depart, after which the sheriff could evict her. She filed an appeal and did not leave, nor did the sheriff act. In September 2005 the building's new owner filed its own complaint seeking an eviction order. The next month the circuit court ordered the sheriff to evict Brown but stayed enforcement until December. Just as that stay was about to expire, Brown asked the cir-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

cuit court to enter a new stay that would last while her appeal was pending. The court denied this motion on February 2, 2006, with a brief order that concluded: "No further stays allowed." Brown immediately moved for reconsideration, and the court set March 1, 2006, as the date for a hearing on that motion. Before March 1 arrived, however, the sheriff executed the court's order and evicted Brown.

The district court understood Brown to be mounting a collateral attack on the eviction order, and if that were Brown's plan there would not be federal jurisdiction. See *Lance v. Dennis*, 546 U.S. 459 (2006) (summing up the *Rooker–Feldman* doctrine). But Brown describes her position differently. She contends that her motion for reconsideration automatically stayed her eviction, as a matter of Illinois law, despite the court's order that no further stays would be allowed. If a stay was in effect, then the eviction was unauthorized, and Brown contends that unauthorized eviction violates the Constitution. So understood, Brown's suit does not contest the validity of the state court's decision and thus is outside the *Rooker–Feldman* doctrine.

Both steps of Brown's substantive argument are problematic. We do not see in Illinois law any provision allowing a litigant to defer enforcement of an adverse judgment indefinitely by filing successive motions. See *Sears v. Sears*, 85 Ill. 2d 253, 422 N.E.2d 610 (1981) (successive post-judgment motions are ineffectual if filed more than 30 days after the original judgment). And the idea that a violation of state law automatically violates the Constitution has been repeatedly rejected. See *Rivera v. Illinois*, No. 07–9995 (U.S. Mar. 31, 2009), slip op. 7–8 (collecting cases); *Gordon v. Degelmann*, 29 F.3d 295 (7th Cir. 1994). These issues are for the district court to consider in the first instance, however.

The judgment is vacated, and the case is remanded for a decision on the merits.