**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

**Fed. R. App. P. 32.1**

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 12, 2013*
Decided November 21, 2013

### Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-1315 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| DORIS BROWN, | |
|     *Plaintiff-Appellant,* | |
|     *v.* | No. 07 C 1013 |
| SHELLEY KOELLER, | Samuel Der-Yeghiayan, *Judge.* |
|     *Defendant-Appellee.* | |

### Order

We remanded this litigation in 2009 for a decision on the merits. *Brown v. Varan*, No. 08-3457 (7th Cir. Apr. 1, 2009) (nonprecedential disposition). In 2011 the district court granted defendants' motion for summary judgment and dismissed the suit. Plaintiff did not appeal. A year later she filed a motion asking the district court to reopen the

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

litigation. The only source of authority for such a motion was Fed. R. Civ. P. 60(b)(6). The district court denied the motion.

Plaintiff has appealed from that decision but does not mention the grounds on which the district court acted. Instead she proceeds as if this were a belated appeal from the 2011 judgment. That is not possible, however. Plaintiff maintains that she did not receive notice of the judgment's entry, but Fed. R. App. P. 4(a)(6) allows only 180 days for a motion to reopen the time to appeal, and plaintiff did not file anything until a year after the judgment.

Arguments that could have been presented on appeal from the district court's original decision are not within the scope of this appeal. Only the decision denying the post-judgment motion under Rule 60 is now reviewable, see *Blue v. Electrical Workers*, 676 F.3d 579, 582 (7th Cir. 2012), but plaintiff does not make any of the arguments that could have justified relief under Rule 60(b)(6). See *Gonzalez v. Crosby*, 545 U.S. 524, 536–38 (2005). The district court's decision therefore is affirmed.