**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230057-U

Order filed February 28, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| REVERSE MORTGAGE SOLUTIONS, INC., | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Du Page County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS LAZ a/k/a THOMAS J. LAZ; | ) | |
| PAMELA LAZ a/k/a PAMELA ULISANO; | ) | |
| JACQUELINE SULLIVAN a/k/a | ) | |
| JACQUELINE LAZ a/k/a JACQUELINE L. | ) | |
| SULLIVAN; EDWARD SULLIVAN; EMILY | ) | |
| MAJCHER; HELEN MAJCHER; DAVID LAZ; | ) | Appeal Nos. 3-23-0057, 3-23-0058 |
| LINDA LAZ a/k/a LINDA VELICHKO; THE | ) | Circuit No. 16-CH-1633 |
| SECRETARY OF HOUSING AND URBAN | ) | |
| DEVELOPMENT; UNKNONWN OWNERS | ) | |
| AND NON-RECORD CLAIMANTS; | ) | |
| UNKNOWN HEIRS AND LEGATEES OF | ) | |
| LAURA LAZ, IF ANY; GREAT LAKES | ) | |
| CREDIT UNION S/I/I TO HAWTHORNE | ) | |
| CREDIT UNION, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | The Honorable |
| (Thomas J. Laz and David M. Laz, | ) | James F. McCluskey |
| Defendants-Appellants). | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Justices Holdridge and Peterson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We lack jurisdiction over this appeal because defendants did not file a notice of appeal within 30 days of the trial court's denial of their motions to reconsider.

¶ 2    In 2007, Laura Laz obtained a mortgage on real property in Downers Grove. She died two years later. In 2018, Reverse Mortgage Solutions, Inc. (RMS) filed an amended complaint for foreclosure of the Downers Grove property, naming Thomas Laz, as special representative of Laura Laz, and David Laz as defendants. RMS, Thomas and David filed motions for summary judgment. The trial court denied defendants' motions and granted RMS's motion. The court entered a judgment for foreclosure and sale and then an order confirming the sale and an order for possession. David and Thomas filed timely motions to reconsider. The trial court denied those motions, and more than two months later, Thomas and David filed a notice of appeal. RMS contends that we lack jurisdiction over this appeal because defendants' notice of appeal was untimely. We agree and dismiss this case for lack of jurisdiction.

¶ 3                      I. BACKGROUND

¶ 4    On February 2, 2007, Laura Laz executed a promissory note in favor of Seattle Mortgage. The note was secured by a mortgage against real property located at 4737 Belmont Road in Downers Grove. Laura died on May 21, 2009. Thereafter, the note and mortgage were assigned to Bank of America, N.A., and then RMS.

¶ 5    In July 2015, Thomas Laz opened a probate case for Laura and was appointed administrator of the estate. Thomas took no further action in the probate case, so it was dismissed for want of prosecution a year later.

¶ 6    On November 3, 2016, RMS filed a foreclosure complaint for the property at 4737 Belmont Road in Downers Grove. The complaint named all possible heirs and legatees of Laura Laz as

defendants. In January 2018, RMS filed a motion to file an amended complaint, a motion to dismiss uninterested defendants and a motion to appoint a special representative of the estate of Laura Laz. The trial court granted the motions, naming Thomas Laz as the special representative of Laura Laz and dismissing several defendants named in RMS's original complaint.

¶ 7       Thereafter, RMS filed an amended complaint, naming, among others, Thomas Laz, as special representative for Laura Laz, and David Laz as defendants. The complaint alleged that Thomas and David were owners of the subject property.

¶ 8       In May 2019, Thomas filed an answer and affirmative defense asserting that RMS lacked capacity to sue as the mortgagee of the property. Thereafter, Thomas filed a motion to dismiss for lack of standing, and RMS filed a combined motion for summary judgment as to Thomas's affirmative defense. After a stay in the proceedings due to the pandemic, in January 2021, David also filed a motion for summary judgment based on lack of standing. In response, RMS asserted that it had standing to enforce the promissory note Laura executed in 2007. Thereafter, RMS filed a reply to Thomas's motions, as well as its own motion for summary judgment.

¶ 9       On November 1, 2021, the trial court entered an order denying defendants' motions for summary judgment and granting summary judgment to RMS. On the same date, the trial court entered judgment for foreclosure and sale.

¶ 10       On January 13, 2022, the property was sold at a sheriff's sale. On January 20, 2022, RMS filed a motion for an order approving the report of sale and distribution. Thomas and David filed objections to the confirmation of sale. On April 18, 2022, the trial court denied defendants' objections and entered an order confirming the sale and an order of possession. The next day, Thomas filed a motion to reconsider. On May 17, 2022, David filed a motion to reconsider. On July 1, 2022, RMS responded to defendants' motions to reconsider.

¶ 11 On July 12, 2022, Thomas and David filed a joint motion for joinder of a third-party defendant. Thereafter, on July 18, 2022, Thomas and David filed a joint petition for rule to show cause against RMS.

¶ 12 On November 30, 2022, the trial court issued an order denying defendants' motions to reconsider. The order stated it was "final and appealable." Thereafter, on January 18, 2023, the court entered an order stating in pertinent part:

"1. The 'Final and appealable' aspect of the Order entered on November 30, 2022 is stayed until a Ruling has been made on Defendants' Rule to Show Cause and Motion for Joinder;

2. The remainder of the Order entered on November 30, 2022 stands in full force and effect."

¶ 13 On February 3, 2023, the trial court entered an order denying defendants' petition for rule to show cause and motion for joinder. On the same day, Thomas and David filed a joint notice of appeal.

¶ 14                                              II. ANALYSIS

¶ 15 RMS argues we should dismiss this appeal because Thomas and David did not file a timely notice of appeal.

¶ 16 A reviewing court must ascertain its jurisdiction before proceeding in a cause of action. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Therefore, before we may consider the merits of defendants' appeal, we must determine if we have jurisdiction. *Id*.

¶ 17 A timely filed notice of appeal is mandatory and jurisdictional. *Id.* "Absent a timely notice of appeal, our only recourse is to dismiss the appeal for lack of jurisdiction." *Pro Sapiens, LLC v. Indeck Power Equipment Co.*, 2019 IL App (1st) 182019, ¶ 50.

4

¶ 18    The time to file a notice of appeal is governed by Illinois Supreme Court Rule 303 (eff. July 1, 2017). That rule provides:

> "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order, irrespective of whether the circuit court had entered a series of final orders that were modified pursuant to postjudgment motions." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 19    A posttrial motion in a nonjury case is timely if it is filed within 30 days after the entry of the judgment. See 735 ILCS 5/2-1203(a) (West 2022). In a foreclosure action, the order confirming the sale operates as the final judgment in the case. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11.

¶ 20    "A motion not filed within 30 days after the judgment (or any extension allowed) is not 'timely' within the meaning of that word as used in Rule 303(a); and an untimely motion, or one not directed against the judgment, neither stays the judgment nor extends the time for appeal." *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981). A motion is directed against the judgment only if it seeks rehearing, retrial, modification or vacation of the judgment. See *Pro Sapiens, LLC*, 2019 IL App (1st) 182019, ¶ 53. A motion to reconsider is a "posttrial motion directed against the judgment." *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 14.

¶ 21    A second posttrial motion filed more than 30 days after judgment is not authorized and must be denied. *Sears,* 85 Ill. 2d at 259. Such a motion is improper and does not extend the time for filing a notice of appeal. *Id*. at 260.

¶ 22 A circuit court has no authority to extend the time for filing a notice of appeal. *Id.*; *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 149 (1994). An order staying a judgment does not toll the time for appealing it. *Sears*, 85 Ill. 2d at 260.

¶ 23 The circuit court's final judgment in this foreclosure case was the order confirming the sale entered on April 18, 2022. See *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 11. Thereafter, defendants both filed timely motions to reconsider. See 735 ILCS 5/2-1203(a) (West 2022). Those motions extended the time for filing a notice of appeal because they were filed within 30 days of the final judgment and were directed against the judgment. See Ill. S. Ct. R. 303(a)(1); *Sears*, 85 Ill. 2d at 259; *Peraino*, 2018 IL App (2d) 170368, ¶ 14. On November 30, 2022, the trial court entered an order denying defendants' motions to reconsider. Thus, defendants had 30 days from November 30, 2022, to file their notice of appeal. See Ill. S. Ct. R. 303(a)(1). Thomas and David did not file their joint notice of appeal until February 3, 2023. Therefore, their notice of appeal was untimely, and we lack jurisdiction over this appeal.

¶ 24 Thomas and David, however, contend that their notice of appeal was timely because (1) it was filed within 30 days of the court's ruling on their last two posttrial motions, their motion for joinder and rule to show cause, which they filed before the court ruled on their motions to reconsider, and (2) the court entered an order "stay[ing]" the "[f]inal and appealable" aspect of its November 30, 2022 order until it ruled on defendants' motion for joinder and rule to show cause.

¶ 25 We disagree with both contentions. First, it is true that defendants filed their motion for joinder and rule to show before the trial court ruled on their motions to reconsider. However, the motion for joinder and rule to show cause did not extend the time to file a notice of appeal because (1) they were improper second and third posttrial motions; (2) they were not filed within 30 days of the trial court's final judgment; and (3) they were not directed against the judgment. See *Sears*,

85 Ill. 2d at 259-60; 735 ILCS 5/2-1203(a) (West 2022); Ill. S. Ct. R. 303(a)(1); *Pro Sapiens, LLC,* 2019 IL App (1st) 182019, ¶ 53. The only motions that extended the time for defendants to file a notice a notice of appeal were defendants' motions to reconsider because they were the first postjudgment motions filed, they were filed within 30 days of the trial court's order confirming sale, and they were directed against the judgment. See Ill. S. Ct. R. 303(a)(1); *Sears*, 85 Ill. 2d at 259; *Peraino*, 2018 IL App (2d) 170368, ¶ 14. Once the trial court ruled on defendants' motions to reconsider, defendants had to file their notice of appeal within 30 days even though their motion for joinder and rule to show cause had not yet been decided because the motion and rule did not extend the time for filing a notice of appeal.

¶ 26        Furthermore, the trial court's statement on January 18, 2023, that "[t]he 'Final and appealable' aspect of the Order entered on November 30, 2022 is stayed until a Ruling has been made on Defendants' Rule to Show Cause and Motion for Joinder" did not extend the time to appeal. It is well settled that a circuit court lacks authority to extend the time for filing an appeal. See *Mitchell*, 158 Ill. 2d at 149; *Sears*, 85 Ill. 2d at 260. It is also well settled that an order staying a judgment does not toll the time for appealing it. *Id*. Thus, the circuit court's "stay" of the "[f]inal and appealable" aspect of its November 30, 2022 order had no effect on when defendants were required to appeal. Pursuant to Supreme Court Rule 303(a), defendants had to file their notice of appeal within 30 days of November 30, 2022. See Ill. S. Ct. R. 303(a). Because defendants did not file their notice of appeal until more than 60 days after the trial court's order denying their motions to reconsider, their notice of appeal was untimely, and we must dismiss this appeal.

¶ 27                                III. CONCLUSION

¶ 28        For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 29        Appeal dismissed.